```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TEVAC, INC.,
                        Plaintiff,

     -against-                                                ORDER
                                                              CV 19-3650 (JS) (AYS)
DYNAMICS eSHOP, INC.,

                        Defendant.
-----------------------------------------------------------X
```
**SHIELDS, ANNE Y., United States Magistrate Judge:**

Plaintiff, Tevac, Inc. ("Plaintiff"), commenced this action on June 21, 2019, alleging that Defendant, Dynamics eShop, Inc. ("Defendant"), breached the parties' contract by failing to deliver a fully functional e-commerce platform to Plaintiff. (Docket Entry ("DE") [1].) Defendant asserts that it fully performed under the parties' contract and asserts a counterclaim for breach of contract, alleging that it was not fully paid for the services rendered. (DE [15].)

Presently before the Court is Defendant's motion to compel discovery from Plaintiff. Specifically, Defendant seeks the production of all documents evidencing Plaintiff's revenues and net income for calendar years 2015 through 2019, as well as a full response to Defendant's interrogatory seeking the same information. Defendant asserts that such information is necessary to defend against Plaintiff's claim for lost profits as a result of Defendant's alleged breach of contract. (DE [32-12].)

In response, Plaintiff argues that Defendant has failed to provide any basis for its request for five years' worth of documents, despite Plaintiff's requests for Defendant to do so. Plaintiff asserts that it provided Defendant with its gross revenues for the three most recent years – 2017, 2018 and 2019 – which, Plaintiff contends is all it is required to provide. According to Plaintiff, its measure of damages is based upon the increase in market share percentage it would have had

1

if Defendant had delivered a fully functional e-commerce platform, without any increase to its operating costs. Plaintiff asserts, therefore, that its damages are measured as the difference between its existing gross revenues, which information it has provided to Defendants, and the increase in market share percentage. Plaintiff further asserts that its overall net profit is entirely irrelevant to the computation of its damages. (DE [32-16].)

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any . . . claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable then it would be without the evidence; and (b) the fact is of consequence in determining the action.'" Vaigasi v. Solow Mgmt. Corp., No.11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Further, "[t]he party seeking the discovery must make a prima facie showing[] that the discovery sought is more than merely a fishing expedition." Evans v. Calise, No. 92 Civ. 8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994) (citing cases); see also Mandell v. The Maxon Co., Inc., No. 06 Civ. 460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). It is well-established that "[m]otions to compel are left to the court's sound discretion." Mirra v. Jordan, No.13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016) (citation omitted); see also Liberty Mut. Ins. Co. v. Koehler Co., No.CV 08-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").

Here, the Court finds that Defendant has sustained its burden and grants the motion compel. First, Defendant is not bound to accept Plaintiff's assertion that it would not have incurred any additional operating costs. Therefore, Defendant is entitled to all documents evidencing Plaintiff's operating costs. However, the Court limits the production to documents pertaining to the three most recent years, as is the usual course. Defendant has made no showing as to why it should receive five years' worth of documents.

Second, Plaintiff, as noted, is seeking damages measured by an expected increase in market share percentage. According to Plaintiff, had they been provided a fully functioning e-commerce platform, they would have been able to ship more packages and therefore, would have increased their profits. Defendant is entitled to explore the issue of past profits to challenge the assertion that Plaintiff would have increased its profits. Therefore, Defendant is entitled to all documents evidencing Plaintiff's past profits. In particular, Defendant is entitled to all documents that form the basis for the spreadsheet previously produced by Plaintiff. As stated above, the timeframe, however, is limited to the most recent three years.

Finally, Defendant is entitled to an additional deposition of Plaintiff's witness if, after review of the documents ordered to be produced by Plaintiff, Defendant finds such deposition necessary. If appropriate, the documents ordered to be produced may be done so pursuant to the confidentiality stipulation already in place between the parties. Should the parties determine that an extension of discovery is necessary to facilitate the additional document production ordered herein, as well as any additional deposition, the parties may submit a joint revised discovery plan for this Court to adopt.

Based on the foregoing, Defendant's motion to compel is granted. Plaintiff is directed to produce the documents set forth herein, as well as a sufficient response to Defendant's

Interrogatory No. 1, limited in time to the past three years, within one week of the date of this Order.

**SO ORDERED:**

Dated: Central Islip, New York
August 17, 2020

                                                   /s/ Anne Y. Shields
                                                 ANNE Y. SHIELDS
                                                 United States Magistrate Judge