UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
TEVAC, INC.,

Plaintiff,

-against-

DYNAMICS eSHOP, INC.,

Defendant.
---------------------------------X

ADOPTION ORDER
19-CV-3650(JS)(AYS)

APPEARANCES
For Plaintiff: Linda S. Agnew, Esq.
HARRIS BLOOM & ARCHER LLP
445 Broad Hollow Road, Suite 127
Melville, New York 11747

For Defendant: Peter T. Shapiro, Esq.
Adam T. Hoffman, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street, Suite 2100
New York, New York 10005

SEYBERT, District Judge:

Plaintiff Tevac, Inc. ("Plaintiff" or "Tevac") commenced this breach of contract action on June 21, 2019 against Defendant Dynamics eShop, Inc. ("Defendant" or "Dynamic"), which arises out of the Agreement between the parties by which Defendant would create and furnish Plaintiff with an e-commerce website platform.[1] (See Compl., ECF No. 1.) Dynamic brought counterclaims for breach of contract and unjust enrichment. (See Answer & Counterclaim, ECF No. 15.) After the close of discovery, the parties cross-

[1] The Court assumes the parties' familiarity with the terms of art defined in the R&R, which are incorporated herein. The Agreement is docketed as ECF No. 44-13.

moved for summary judgment. (See Def. Mot., ECF No. 44; see also Def. Support Memo, ECF No. 45; Def. Opp'n/Reply, ECF No. 48; see also Pl. X-Mot., ECF No. 47; Pl. Support Memo/Opp'n, ECF No. 47; Pl. Reply, ECF No. 49.) Dynamic seeks summary judgment with respect to its breach-of-contract counterclaim, as well as Tevac's claims for breach-of-contract and consequential damages. Similarly, Plaintiff seeks summary judgment in its favor on its breach-of-contract claim and Dynamic's counterclaim for breach of contract.

Pending before the Court is the Report and Recommendation ("R&R") by the Honorable Anne Y. Shields, which, among other things: (1) provides a thorough factual background of the parties' business interactions, including an examination of the subject Agreement, which in the absence of any objections is incorporated herein, familiarity with which is assumed; (2) outlines the procedural history of the case; and (3) identifies the relevant applicable law. (See R&R, ECF No. 53.) The Magistrate Judge recommends denial of the cross-summary judgment motions as to the breach-of-contract claims, since "the crux of th[ose claims] is whether the parties each performed their respective obligations under the Agreement," but "there are numerous questions of fact as to whether the parties each performed their respective contractual obligations, necessitating a determination by the factfinder." (R&R at 8, 9.) However, based

upon "the plain language of the parties' Agreement, and the fact that there is no dispute that the contract was negotiated as part of an arm's length business transaction between two sophisticated business entities," Magistrate Judge Shields further recommends that summary judgment be awarded in Dynamic's favor with respect to Plaintiff's recovery of consequential damages in the form of lost profits because, as a matter of law, such recovery is barred by the terms of the Agreement. (R&R at 11; see also id. at 9-11.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); Fed. R. Civ. P. 72(b)(3). Further, by failing to timely object, a party waives any further judicial review of a magistrate judge's findings. See Mejia v. Roma Cleaning, Inc., 751 F. App'x 134, 136 (2d Cir. Oct. 5, 2018).

Tevac timely objected to the R&R (see Obj., ECF No. 54), which objections Dynamic oppose (see Opp'n to Obj., ECF No. 55). Of import: Neither party objects to the Magistrate Judge's

recommendation that the Summary Judgment Motions be denied as to the parties' respective breach-of-contract claims. Nor have the parties objected to Magistrate Judge Shield's finding that they are both "sophisticated business entities." (R&R at 11.) Rather, Plaintiff objects to the recommendation that it be barred from recovering its lost profits.

Plaintiff's objection arises from the "Warranty" provision of the Agreement, i.e., Paragraph 11, which states:

> [Defendant] warrants that customizations and/or modifications made solely by [Defendant] shall be free of defects for a period of one year from the date of implementation. Customizations or program modifications made by [Defendant] can be of such complexity that they may have errors. It is agreed by [Plaintiff] that as [Defendant's] sole liability and [Plaintiff's] sole remedy, that [Defendant] will provide reasonable and timely programming to correct documented code errors which were caused by a defect in unaltered software customizations or modifications authored by [Defendant]. Such remedy would be at no charge to [Plaintiff].
>
> [Defendant] makes no representation, express or implied, to [Plaintiff] with respect to profit or loss, installation or any future modifications that may be made to the software, either by any third party software or another party. In no event shall [Defendant] be responsible for any special or consequential damages or lost profits even if informed of same occurring out of or in connection with the delivery, use or performance of software.
>
> The above express warranties are the only warranties made and shall be in lieu of any other warranty, express or implied. You are

> advised to test the software thoroughly before relying on it and assume the risk of using the software.

(R&R at 3-4 (quoting Def. 56.1 Stmt. ¶ 15 (quoting Agreement)) (emphasis added).) Plaintiff contends that "reading Paragraph 11 as a whole, and giving effect to every term, Paragraph 11 cannot bar recovery of consequential damages – here in the form of lost profits – for breaches unrelated to software." (Obj. at 4.) Yet, Plaintiff anchors its objection to the single sentence in Paragraph 11 that "[i]n no event shall [Dynamic] be responsible for any special or consequential damages or lost profits even if informed of same occurring out of or in connection with the delivery, use or performance of software" (hereafter, the "Disclaimer Sentence"), specifically zeroing in on its concluding phrase, i.e., "occurring out of or in connection with the delivery, use or performance of software." (See id. (quoting Agreement ¶ 11).) Plaintiff argues:

> [this] language certainly relates to and modifies the "[i]n no event shall [Dynamic] be responsible for any special or consequential damages or lost profits . . ." as well as "even if informed of same," [with] the "even if" language being the focus of the [R&R]'s holding that Paragraph 11 bars recovery of lost profits by Tevac. That is simply not the case because the "occurring out of or in connection with the delivery, use or performance of the software" language specifically limits the situations where any such limitation on recovery of lost profits would apply.

(Obj. at 4-5.) In its moving papers, in a cursory manner, Tevac similarly relied upon the concluding phrase of the Disclaimer Sentence when it argued "a review of the plain language of the Agreement confirms that there is no such prohibition" to awarding it damages for lost profits. (See Pl. Support Memo, ECF No. 47-11, at 6.) As this objection is little more than a rehashing of Tevac's argument set forth in its original papers, it is insufficient to invoke de novo review. See Meehan v. VIPKid, No. 20-CV-6370, 2021 WL 4272512, *2 (E.D.N.Y. Sept. 21, 2021). Accordingly, the portion of the R&R addressing consequential damages (see R&R, Discussion, Part III, at 9-11) is reviewed for clear error. The Court finds none.

As an initial matter, Dynamics stated "Tevac had an opportunity to negotiate the terms of the Agreement and obtained a revision to the proposed payment schedule which the parties implemented." (Def. Rule 56.1 Stmt., ECF No. 46-1, ¶ 6.) For two reasons, the Court finds Tevac has admitted this statement. First, without citation to the record, Plaintiff responded: "Admits that Tevac proposed a payment schedule modification but denies that it had the opportunity to negotiate the design and implementation because it was relying upon the claimed expertise of Dynamics." (Pl. Rule 56.1 Response Stmt., ECF No. 47-9, ¶ 6.) Failing to cite to record evidence to support this purported disputed fact, see Local Civil Rule 56.1(d), it is deemed admitted. See Genova

v. County of Nassau, No. 17-CV-4959, 2020 WL 813160, *4 (E.D.N.Y. Feb. 19, 2020) ("[T]o specifically controvert a statement of material fact, a nonmovant is required to do so with specific citation to admissible evidence."), aff'd 851 F. App'x 241 (2d Cir. Mar. 24, 2021) ("Plaintiffs who ignore their obligations under Local Rule 56.1 do so at their own peril."); see also Ezagui v. City of N.Y., 726 F. Supp.2d 275, 285 n.8 (S.D.N.Y. 2010) (noting statements which a nonmovant does "not specifically deny-with citations to supporting evidence-are deemed admitted for purposes of [movant's] summary judgment motion") (collecting cases).

Second, even if Tevac's responsive statement about design and implementation terms was deemed true, the statement fails to address the negotiation of other terms, such as consequential damages. In other words, Tevac's purported reliance upon Dynamics' expertise as to design and implementation did not forestall it - an undisputed sophisticated business entity - from engaging in negotiating other terms of the Agreement, as it admittedly did. Hence, there was no clear error in Magistrate Judge Shields' finding that the language in Paragraph 11 of the Agreement, and, specifically, the Disclaimer Sentence, is plain and binds the parties such that "the lost profits Plaintiff seeks to recover are barred, as a matter of law." (R&R at 11 (quoting Markborough California, Inc. v. Superior Court, 227 Cal. App. 3d 705, 716 (1991) ("When the parties are dealing in an arm's length

transaction with an opportunity to accept, reject or modify the terms of the agreement . . . [t]he parties are bound by the terms of the contract . . . .”)).) Indeed, the Disclaimer Sentence’s preamble phrase, “[i]n no event”, is plainly absolute; contrary to Tevac’s objection arguing that the addition of the concluding phrase, “even if informed . . . ,” “limits the situations where any such limitation on recovery of lost profits would apply” (Obj. at 5), that phrase emphasizes the expansiveness of this term of the Agreement. As a sophisticated business entity, Tevac’s time to address any purported ambiguity was during negotiations. Given the parties’ dispute arises from a “contract [that] was negotiated as part of an arm’s length business transaction between two [undisputed] sophisticated business entities” (R&R at 11), Tevac will not be heard to object about the plain language of the Agreement.

To the extent Plaintiff further objects to the R&R on the basis that Dynamics was the Agreement’s drafter and, therefore, that ambiguities in Paragraph 11 of the Agreement are to be construed against Dynamics (see Obj. at 5), especially as the Agreement is a “form contract” (see id. at 6), those objections are overruled. Other that stating baldly that Dynamics drafted the Agreement (see Pl. Support Memo, ECF No. 47-11, at 6), Plaintiff did not make such an argument in its moving papers. “[I]t is established law that a district judge will not consider

new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Zhao v. State Univ. of N.Y., No. 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) (cleaned up); see also Hubbaard v. Kelley, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) (same). Thus, these arguments in support of Plaintiff's objections will not be considered now.

In sum, upon careful review and consideration, the Court finds Magistrate Judge Shields' R&R to be comprehensive, well-reasoned, and free of clear error.

Accordingly, **IT IS HEREBY ORDERED** that the R&R (ECF No. 63) is ADOPTED in its entirety, with:

I. Plaintiff's Summary Judgment Motion (ECF No. 47) being DENIED in its entirety; and

II. Defendant's Summary Judgment Motion (ECF No. 44) being:

   A. DENIED IN PART, such that the issue of whether there has been a breach of the Agreement remains to be resolved; and

   B. GRANTED IN PART, such that Plaintiff's claim for consequential damages, including lost profits, is DISMISSED.

**IT IS FURTHER ORDERED** that by no later than 60 days from date of this Adoption Order, the parties are to comply with Rule VI(A) of the undersigned's Individual Rules regarding the filing of a proposed Joint Pre-Trial Order (available at

https://www.nyed.uscourts.gov/pub/rules/JS-MLR.pdf). Thereafter, a pre-trial conference will be scheduled.

SO ORDERED.

/s/JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 27, 2022
Central Islip, New York